# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | | |
|---|---|---|
| LATWON TYRONE MOSBY, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | CV416-307 |
| | ) | CR414-307 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

# **REPORT AND RECOMMENDATION**

Guilty-plea convicted as a felon-in-possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), Latwon Mosby seeks 28 U.S.C. § 2255 relief. Doc. 68 & 69;[1] *see also* docs. 1 (indictment); 46 (plea agreement); 47 (judgment ordering 95 months' imprisonment). The Government opposes. Doc. 71.

## I. BACKGROUND

As set forth by the Eleventh Circuit, on appeal from his conviction:

> On March 28, 2014, [Officers] Tucker and Samatis, both members of the Savannah-Chatham Metro Police Department, were patrolling Westlake Apartments. Westlake is located in a high-crime area of Savannah and has a history of problems with loitering and drug-related activity. In the course of their patrol,

---

[1] The Court is citing to the criminal docket in CR414-307 unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

Tucker and Samatis spotted Mosby walking along a second floor hallway. As Mosby descended to the first floor, Tucker and Samatis approached him. Tucker asked Mosby if he lived at Westlake. When Mosby answered yes, Tucker asked which apartment Mosby lived in. Mosby hesitated and looked around, which the officers took as a sign that he was trying to fabricate a credible answer. Tucker then asked Mosby for identification proving he lived at Westlake, at which point Mosby attempted to flee. Samatis grabbed Mosby to prevent him from fleeing. While Samatis grappled with Mosby, Tucker noticed Mosby reaching for a gun in his pants. After a struggle, the officers subdued and arrested Mosby.

*United States v. Mosby*, 630 F. App'x 961, 962-63 (11th Cir. 2015). Mosby was indicted for possessing a firearm as a felon. Doc. 1. Upon the advice of counsel, movant conditionally pled guilty, securing a maximum sentence of ten years. Docs. 42 & 46 (reserving the right to seek appellate review of the denial of his motion to suppress the gun as the fruit of an unconstitutional seizure); *see also* Presentence Investigative Report (PSR) at ¶ 57 (advising, based on his total offense level of 23 and criminal history category of V, a guideline imprisonment range of 84 to 105 months).

Mosby appealed and lost:

Mosby makes three arguments, all unavailing, that Tucker and Samatis violated his Fourth Amendment rights. First, he argues that the officers lacked reasonable suspicion to stop and question him at the bottom of the stairs. Mosby has forfeited this argument, however, because he acknowledged in his motion to

2

suppress that the officers' initial approach and questioning was the type of consensual police-citizen encounter that does not implicate the Fourth Amendment. . . .

Mosby's second argument is that the district court incorrectly found that: (1) his answers to the officers' questions had been evasive; (2) he had attempted to flee; and (3) Westlake was a high crime area. . . . None of the findings Mosby challenges warrants reversal because each was supported by the officers' testimony at the hearing. . . . There was thus substantial evidence in the record to support the district court's factual findings on all three of the facts Mosby challenges, especially since we give "particular deference to credibility determinations of a fact-finder who had the opportunity to see live testimony." *United States v. Lebowitz*, 676 F.3d 1000, 1009 (11th Cir. 2012) (alteration omitted).

Based on a few minor inconsistencies in the officers' testimony and police reports, Mosby argues that the district court should not have credited the officers' testimony. The inconsistencies to which Mosby adverts, however, are all so trivial as to be inconsequential. . . . Accordingly, the district court did not clearly err in crediting Tucker's and Samatis' accounts of the encounter.

Mosby's final argument is that the officers lacked reasonable suspicion to seize him as he was attempting to get away from them, but the events preceding Samatis' grabbing Mosby belie that contention. First, as both officers testified, Westlake is a high-crime area. That a stop occurred in a high-crime area is a "relevant contextual consideration[ ]" for purposes of establishing reasonable suspicion. *Illinois v. Wardlow*, 528 U.S. 119, 124 (2000). The record also contained evidence that Mosby responded to the officers' questions in a way that indicated he was lying or at least being evasive. "[E]vasive, nervous or apprehensive conduct in response to [officers'] attention[ ] has many times been noted as a significant factor in the creation of reasonable suspicion." *United States v. Willis*, 759 F.2d 1486, 1497 (11th Cir. 1985). Third, and most obviously, Mosby attempted to flee from the officers. Flight from officers, particularly in a high-crime area, supports reasonable suspicion. *United States v. Gordon*, 231 F.3d

750, 757 (11th Cir.2000). The officers thus had ample bases for reasonably suspecting that Mosby was engaged in criminal activity and, therefore, for detaining him.

*Mosby*, 630 F. App'x at 963-64.

## II. ANALYSIS

Mosby presents two grounds for relief: (1) counsel deficiently prepared and argued his suppression motion, and (2) after *Johnson*, his prior conviction for Georgia aggravated assault no longer qualifies as a "crime of violence" to increase his base offense level under the Sentencing Guidelines. Doc. 347. Both claims are meritless.

### A. Ineffective Assistance of Counsel (IAC)

In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the Supreme Court created a two-part test for determining whether counsel's assistance was ineffective. First, the movant must demonstrate that his attorney's performance was deficient, which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* Second, he must demonstrate that the defective performance prejudiced the defense to such a degree that the results of the trial cannot be trusted. *Id.* "[T]he two-part *Strickland v.*

4

*Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart*, 474 U.S. 52, 58 (1985); *Lalani v. United States*, 315 F. App'x 858, 860-61 (11th Cir. 2009).

Mosby seeks to relitigate his appeal, contending that his counsel deficiently prepared and argued the motion to suppress the gun that officers found on him. Doc. 68 at 4-9; *see Mosby*, 630 F. App'x 961. Movant focuses upon the Eleventh Circuit's holding that he had "forfeited" his argument that the officers "lacked reasonable suspicion to stop and question him at the bottom of the stairs" because he had acknowledged in his motion to suppress that "the officers' initial approach and questioning was the type of consensual police-citizen encounter that does not implicate the Fourth Amendment." *Id.* at 963; *see United States v. Franklin*, 323 F.3d 1298, 1301 (11th Cir. 2003) ("There is nothing in the Constitution which prevents a policeman from addressing questions to anyone on the streets."). Mosby now contends that he told counsel (and that counsel should have argued) that the "initial stop and seizing of him was not in fact consensual because he felt that he was not in fact free to leave due to [the] officer blocking his

path." Doc. 69 at 2; *see generally United States v. Drayton*, 536 U.S. 194, 201 (2002) (if the citizen's cooperation is induced by "coercive means" or if a reasonable person would not "feel free to terminate the encounter," the encounter is no longer consensual, a seizure has occurred, and the citizen's Fourth Amendment rights are implicated).[2]

But such an argument would have been counter to the sworn, unrebutted testimony of both officers involved in the encounter (*see* doc. 36 at 19-21 & 41-47), as well as Mosby's *own* testimony at the Rule 11 change of plea hearing. *See* doc. 56 at 24-25 (affirming the factual accuracy of the offer's testimony and the charge); *Blackledge v. Allison*, 431 U.S. 63, 80 n. 19 (1977) ("the representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings."); *United States v. Gonzalez-Mercado*, 808 F.2d 796, 800 n. 8 (11th Cir. 1987) ("While Rule 11 is not insurmountable, there is a strong presumption that the statements

---

[2] Mosby apparently concedes the Eleventh Circuit's other two findings, that the district court properly credited the officers' "accounts of the encounter" and that the officers had "ample bases for reasonably suspecting that Mosby was engaged in criminal activity and, therefore, for detaining him." *Mosby*, 630 F. App'x at 963-64; *see* docs. 68 & 69.

6

made during the colloquy are true."). And counsel cannot be deficient for failing to advance an utterly meritless argument to the Court. *United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000) (an attorney is not ineffective for failing to raise meritless claims); *see also Strickland*, 466 U.S. at 694 (a defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."); *Matire v. Wainwright*, 811 F.2d 1430, 1434 (11th Cir. 1987) (same).

B. *Johnson*[3]

Movant seeks to exploit the new rule announced in *Johnson v. United States*, 576 U.S. __, 135 S. Ct. 2551 (2015), and made retroactive by *Welch v. United States*, 578 U.S. __, 136 S. Ct. 1257 (2016), to neutralize his base offense level enhancement. Mosby, however, was not

---

[3] The *Johnson* decision elucidated the "residual clause" of the Armed Career Criminal Act (ACCA), which provides enhanced penalties for defendants who are (1) convicted of being felons in possession of firearms in violation of 18 U.S.C. § 922(g), and (2) have "three prior convictions . . . for a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). ACCA "violent felonies" (1) have "as an element the use, attempted use, or threatened use of physical force against the person of another"; (2) are "burglary, arson, or extortion, [or] involves the use of explosives"; or (3) "otherwise involve[ ] conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(i)-(ii). These three definitions are known, respectively, as (1) the elements clause, (2) the enumerated crimes clause, and (3) the residual clause. *Johnson* held that that "residual clause" is unconstitutionally vague, *see* 135 S. Ct. 2551, 2557, but said nothing about the Sentencing Guidelines' similar language.

7

sentenced under the ACCA. His base offense level was increased under the Sentencing Guidelines for his prior Georgia aggravated assault conviction. PSR at ¶¶ 11-22, 26, 29-32, 33-35 & 56-57; *see also* U.S.S.G. § 2K2.1(a)(4)(A) (assigning a base offense level of 20 where defendant "committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense."); *Shuck v. United States*, 2017 WL 465682 at *2 (S.D. Ga. Jan. 31, 2017) (holding Georgia aggravated assault, O.C.G.A. § 16-5-21, "is a 'violent felony' under the elements clause of the ACCA (and, by extension, the Guidelines) post-*Johnson*."). And *Johnson*, which invalidated the ACCA residual clause, *does not* extend to the identical language of the Sentencing Guidelines' residual clause. *Beckles v. United States*, \_\_ U.S. \_\_, 2017 WL 855781 (Mar. 6, 2017); *see also United States v. Matchett*, 802 F.3d 1185 (11th Cir. 2015) (same).

Movant thus has no claim for relief, and counsel cannot be faulted for having failed to pursue a meritless argument. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983) (there is no "constitutional right to compel appointed counsel to press nonfrivolous points"); *Nyhuis*, 211 F.3d at 1344 (to prevail on an IAC claim, the claim itself "must have merit").

8

## C. CONCLUSION

Accordingly, Latwon Mosby's § 2255 motion should be **DENIED**.[4] For the reasons set forth above, it is plain that he raises no substantial claim of deprivation of a constitutional right. Accordingly, no certificate of appealability should issue. 28 U.S.C. § 2253; Fed. R. App. P. 22(b); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255 ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). Any motion for leave to appeal *in forma pauperis* therefore is moot.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be

---

[4] Because his motion is entirely without merit and his contentions are unambiguously contradicted by the record, movant's request for an evidentiary hearing (doc. 69) is also **DENIED**. *Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) (a hearing is unnecessary "if the allegations are 'patently frivolous,' 'based upon unsupported generalizations,' or 'affirmatively contradicted by the record.'"); *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (same); *Lynn*, 365 F.3d at 1239 (where the motion "amount[ed] to nothing more than mere conclusory allegations, the district court was not required to hold an evidentiary hearing on the issues and correctly denied [movant]'s § 2255 motion.").

captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this __10th__ day of April, 2017.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA